**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-CV-02931-WJM-CBS

HEIDI WODIUK,

    Plaintiff,

v.

CAITLIN GRAZIANO,

    Defendant.

**NON-PARTY JAMES E. CRONE'S MOTION TO QUASH SUBPOENA *DUCES TECUM***

    Non-Party James E. Crone, the Sheriff of Morgan County, Colorado ("Sheriff Crone"), by and through his attorneys Hoffmann, Parker, Wilson & Carberry, P.C., moves this Court to quash a subpoena *duces tecum* pursuant to F.R.C.P. 45(d)(3)(A). As cause therefor, Sheriff Crone states as follows:

**BACKGROUND**

    1.    On or about December 11, 2015, the Morgan County Sheriff's Office's regular mail delivery included a subpoena *duces tecum* addressed to James E. Crone. *See* subpoena *duces tecum* dated December 7, 2015, attached hereto as **Exhibit A** and incorporated herein by this reference (the "Subpoena").

    2.    The Subpoena commands Sheriff Crone to produce the following:

> [A]ll qualifications, resume, curriculum vitae, including a list of all publications authored in the previous 10 years. Produce a list of all other cases in which, during the previous 4 years, you have testified as an expert at trial or by

1

deposition.  You are required by federal laws to provide a witness written repot [sic] to this case unless otherwise stipulated or order by the court.

**Exhibit A**.

3. Sheriff Crone is not a party, a fact witness, or a retained expert in this civil action.

4. Prior to the discovery of the Subpoena, Sheriff Crone had no knowledge of this civil action, the parties, or the underlying facts giving rise to the litigation.

5. However, the Subpoena requests directly from Sheriff Crone information consistent with expert disclosures under F.R.C.P. 26(a)(2)(B).  *See* **Exhibit A**.

6. Sheriff Crone never met with or communicated with any party, or any attorney representing a party, in this civil action about the possibility of testifying as an expert witness.

7. Sheriff Crone by no means agreed to be specially employed as an expert witness for any party in this civil action.

8. The Subpoena's return date is December 30, 2015.

9. The location for compliance is in Beulah, Colorado, which is more than 220 miles from Sheriff Crone's residence and place of employment in Fort Morgan, Colorado.

10. Upon information and belief, proof of service of the Subpoena under FED.R.CIV.P. 45(b) has not been filed with the Court.

## ARGUMENT

11. The Subpoena should be quashed because it was not properly served under Rule 45 of the Federal Rules of Civil Procedure.  Specifically, Rule 45(b) requires a "person who is at least 18 years old and not a party" to serve the subpoena by "delivering a copy to the named person." FED.R.CIV.P. 45(b)(1).

2

12. In this case, the Subpoena was delivered to the Morgan County Sheriff's Office via regular U.S. Postal Service mail. Regular mail delivery is not proper service under Rule 45. *See Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 686 (D. Kan. 1995) (interpreting Rule 45 to mean "service of a subpoena may not be accomplished by mail"); *citing FTC v. Compagnie De Saint–Gobain–Pont–A–Mousson,* 636 F.2d 1300 (D.C. Cir. 1980).

13. The Subpoena is ineffective as delivered by regular mail to the Morgan County Sheriff's Office and should be quashed. *See Windsor v. Martindale*, 175 F.R.D. 665, 670 (D. Colo. 1997) (finding a party's attempt to serve third party subpoenas via regular mail as a basis to quash the subpoenas).

14. The Subpoena is also defective because the place of compliance exceeds the geographic limit imposed by Rule 45(c). *See* FED.R.CIV.P. 45(c)(2)(A); FED.R.CIV.P. 45(d)(3)(A)(ii). Rule 45(c) states that a subpoena may command production of documents "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED.R.CIV.P. 45(c)(2)(A).

15. The Subpoena mailed to Sheriff Crone commands production of documents at an address in Beulah, Colorado. The address is more than 100 miles from Sheriff Crone's residence and work in Fort Morgan, Colorado. Under Rule 45(d)(3), the appropriate remedy is for the Court to quash the Subpoena for its failure to comply with the geographical limits specified in Rule 45(c). *See* FED.R.CIV.P. 45(d)(3)(A)(ii).

16. The third basis for the Court to quash the Subpoena is because it subjects Sheriff Crone to undue burden under Rule 45(d). *See* FED.R.CIV.P. 45(d)(3)(A)(iv).

17.     Undue burden is determined by weighing the burden to the subpoenaed party against the value of the information. *DISH Network, L.L.C. v. WNET*, 2014 WL 1628132, at *3 (D. Colo. 2014). The status of a person as a non-party is a factor that weighs against disclosure. *See Echostar Communications Corp. v. The News Corporation Ltd*., 180 F.R.D. 391, 394 (D. Colo. 1998).

18.     The Subpoena attempts to compel Sheriff Crone, a non-party, to create expert witness disclosures under Rule 26(a)(2), including an expert report. *See* FED.R.CIV.P. 26(a)(2)(B)(iv), (v). Specifically, the Subpoena states that Sheriff Crone is "required by federal laws to provide a witness written repot [*sic*] to this case unless otherwise stipulated or order by the court." **Exhibit A**.

19.     As stated above, Sheriff Crone knows nothing about the underlying facts of this litigation and he never agreed to serve as an expert witness for any party in this lawsuit. Sheriff Crone has not prepared an expert report and is unaware of what information would even be included in such a report.

20.     It is unduly burdensome for Sheriff Crone to be involuntarily compelled to give his time and effort creating expert disclosures for an unknown case and to give opinions on unknown topics. Additionally, the Subpoena subjects Sheriff Crone to an undue burden by coercing Sheriff Crone's engagement as an expert witness for a private party in civil litigation.[1]

21.     These burdens outweigh any value of the information requested in the Subpoena. The Subpoena requests an irrelevant "written witness" report from Sheriff Crone, but he is not a witness. Sheriff Crone's undue burden is excessive when compared to the minimal value of

---

1   Sheriff Crone, as an elected official and employee of Morgan County, Colorado, is prohibited from engaging in any employment or activity which creates a conflict of interest with his role as county sheriff. Under Morgan County personnel policies, it is also improper for Sheriff Crone to be engaged as an expert witness in civil litigation unrelated to the county.

irrelevant information, and the Subpoena should be quashed. *See Echostar Communications*, 180 F.R.D. at 394 (discussing the necessary connection between subpoenaed information from third parties and relevance).

22. In conclusion, the Subpoena is defective under Rule 45 and, by shifting the burden to a non-party to create expert disclosures consistent with Rule 25(a)(2), the Subpoena is an improper use of subpoena power under Rule 45. As such, the Subpoena subjects Sheriff Crone to undue burden and the Subpoena should be quashed in its entirety.

**WHEREFORE**, James E. Crone, the Sheriff of Morgan County, Colorado, respectfully requests that this Court quash the subpoena *duces tecum*, and for any further relief deemed just and proper.

Respectfully submitted this 23rd day of December, 2015.

/s/ *Kendra L. Carberry*
Kendra L. Carberry, Esq. No. 25457
Hoffmann, Parker, Wilson & Carberry, P.C.
511 16th Street, Suite 610
Denver, Colorado 80202
klc@hpwclaw.com
303-825-6444

# CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of December, 2015, I served a true and correct copy of the foregoing **NON-PARTY JAMES E. CRONE'S MOTION TO QUASH SUBPOENA DUCES TECUM** via the Integrated Colorado Courts E-Filing System (ICCES), electronic mail and/or U.S. Mail on the following:

Heidi Wodiuk
8448 Hwy. 78W
Beulah, CO  81023

Sean Lane
Jonathan A. Cross
7100 E. Belleview Avenue, Suite G-11
Greenwood Village, CO  80111


                                                              */s/ Marlene Beliveau*_____
                                                              Marlene Beliveau, Legal Assistant