IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

| | |
|---|---|
| Civil Action: 14-cv-02931-WJM-CBS | Date: January 5, 2016 |
| Courtroom Deputy: Amanda Montoya | FTR – Reporter Deck-Courtroom A402 |

*Parties:*                                                          *Counsel:*

HEIDI WODIUK,                                              *Pro se*

Plaintiff,

v.

CAITLIN GRAZIANO,                                     Sean Lane
                                                                          Ellen Stewart
                                                                          LeeAnn Morrill
                                                                          Grant Sullivan

Defendant.

**COURTROOM MINUTES/MINUTE ORDER**

**HEARING: STATUS CONFERENCE**
**Court in session: 02:34 p.m.**
Court calls case.  Appearances of counsel.

**ORDERED:**  *[87] Amended Complaint* and *[92] Second Amended Complaint* are **STRICKEN** for failure to comply with Fed. R. Civ. 15(a)(2) which requires that a party affirmatively move for leave to amend if more than 21 days has passed since the filing of a responsive pleading.

Discussion regarding the allegations in Plaintiff's proposed amended pleadings and court proceedings involving Ms. Wodiuk other courts.  The court advised that while Ms. Wodiuk can proceed *pro* se in this case, she cannot represent her minor child.

**ORDERED:**  To the extent the Plaintiff wants to amend the pleading in this case, a motion for leave to amend with an attached proposed amended complaint shall be filed on or before **February 5, 2016.**

Further discussion regarding various pending motions to quash.  The court noted that discovery under Fed. R. Civ. P. 45 is subject to the same relevance standard set forth in Fed. R. Civ. P. 26(b)(1).  The subpoenas addressed in the pending motions to quash are primarily directed to claims and allegations asserted in the Amended Complaint and Second Amended Complaint that were struck by the court.  The Plaintiff was advised that the motions to quash would be granted

without prejudice to Ms. Wodiuk's right to pursue further discovery if a future motion for leave to amend is granted.

**ORDERED:**   *[72] Motion to Quash A Subpoena to Produce* is **GRANTED without prejudice.**

*[78] Non-Party Colorado Center for Orthopaedic Excellence's Motion to Quash Subpoenas* is **GRANTED without prejudice.**

*[82] Motion to Quash Subpoena Served on Non-Party Sheriff Kirk Taylor* is **GRANTED without prejudice.**

*[83] Motion to Quash Subpoena Served on Non-Party Pueblo County Sheriff's Department* is **GRANTED without prejudice.**

*[90] Non-Party James E. Crone's Motion to Quash Subpoena Duces Tecum* is **GRANTED without prejudice.**

*[93] The Honorable Chief Judge Eyler's and Judges Alexander's and Flesher's Motion to Quash Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action Pursuant to Fed. R. Civ. P.45(d)(3)(A)* is **GRANTED without prejudice.**

*[95] Colorado Tenth Judicial District Clerk's Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Pursuant to Fed. R. Civ. P 45(d)(3)(A)* is **GRANTED without prejudice.**

*[101] Motion to Quash Subpoena Issued to Non-Party Lisa Frankel* is **GRANTED without prejudice.**

*[102] Motion to Quash F.R.C.P 45 Subpoena Issued to Defendant William Campbell* is **GRANTED without prejudice.**

*[105] Motion to Quash of Movant, Michael Wilbourn, Psy. D. and Brief in Support of This Motion* is **GRANTED without prejudice.**

*[64] Motion for: The Right to Appointed Counsel for Indigent Civil Litgants (sic)- The Demands of Due* Process is **DENIED.** Ms. Wodiuk was advised that the right to counsel established under the Sixth Amendment does not extend to civil litigants and that the court does not have funding to pay for legal representation in a civil lawsuit. Nor can the court require an attorney to represent Ms. Wodiuk for free. While Ms. Wodiuk may have a right to court-appointed legal representation in a proceeding for termination of parental rights, such a claim is presently not before the court. The Clerk's Office is directed to place Plaintiff Heidi Wodiuk, on the list for *pro bono* counsel.

*[71] Motion for: Rule 26(b)(1) Plaintiff Discovery Cost and Fee's Be Shared With Defendant* is **DENIED without prejudice.** The court found that Plaintiff's motion did not establish "good cause" for relief under Fed. R. Civ. P. 26(c)(1)(B).

*[86] Motion for: The Right to Affidavit of Indigency Informa Pauperis Plaintiff Investigator Fees to be Provided and Counsel to be Afforded by the Indigent Civil Litigants Rights When Such a Case Involves a Child and Custody* is **DENIED without prejudice.** The court advised Ms. Wodiuk that nothing in the Federal Rules of Civil Procedure or pertinent case law authorizes or requires the court to appoint an investigator to assist the Plaintiff in this civil action.

*[43] Motion 24 for Continued Deposition on the Defendant in this Case* is **DENIED without prejudice.** The Plaintiff may renew this motion and re-open the Defendant's depositoin if a motion for leave to amend the pleading is filed and granted.

*[30] Motion for Waive of Electronic Filing Class Fee and Electronic Application Fees, Due to Plaintiff Hardship and Necessity in Litigating This Case Pro Se at this Time* is **DENIED as moot**. Ms. Wodiuk advised the court that she has completed the required Electronic Filing Class.

*[63] Motion for: Rule 5.2 Privacy Protection for Filings Made in Electronic Case Filing* is **DENIED without prejudice**. The court, however, expressed concern for the privacy interests of the parties in this case. Accordingly, the Parties are REQUIRED to sign and submit for the court's review, a proposed protective order, that respects the privacy rights of all parties by **January 15, 2016**. Until the protective order is in place, no one is permitted to file anything with the court that would infringe on another parties' privacy rights.

Discussion regarding scheduling and the location of the Plaintiff's continued deposition.

**ORDERED:** Parties shall work together cooperatively to schedule the Plaintiff's deposition by **January 15, 2016.**

Parties shall submit a Joint Status Report by **January 15, 2016.** The Status Report shall advise the court that all depositions have been scheduled, that all the subpoenas Ms. Wodiuk intended to serve have been served, the status of expert disclosures and expert discovery, and the date certain for the Rule 35 exam of Ms. Wodiuk. After reviewing the Status Report, the court will extend the discovery deadline to accommodate the discovery plan as necessary.

*[47] Motion for Medical Examinations Pursuant to Fed.R.Civ.P.35* is **GRANTED.**

Hearing Concluded.

**Court in recess: 05:55 p.m.**
Time in court: 03:21

To order transcripts of hearings please contact Stevens-Koenig Reporting at (303) 988-8470.