**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-2931-WJM-SKC

HEIDI WODIUK,

      Plaintiff,

v.

CAITLIN GRAZIANO, individually and in her official capacity with the Pueblo County
Sheriff's Department,

      Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS**

---

On April 6, 2020, the Court issued the ultimate sanction against Plaintiff Heidi

Wodiuk, who is proceeding *pro se*, by dismissing her case with prejudice under Federal

Rule of Civil Procedure 41(b).[1]  (ECF No. 475.)  The Clerk entered judgment in favor of

Defendant Caitlin Graziano, and the Court ordered that Graziano should have her costs

upon compliance with D.C.COLO.LCivR 54.1.  (*Id.*; ECF No. 476.)

Following entry of final judgment, Wodiuk has continued to file letters, notices of

confidential and additional tips, and motions which contain similar content to that

described in the Court's dismissal order: threats, conspiracy theories, insults, and the

like.  The Court struck several of these motions (*See* ECF Nos. 498, 506, 508, 518, 524,

529, 552), but the additional filings have become so frequent and voluminous that they

remain on the docket.  (*See, e.g.*, ECF Nos. 555–586.)

---

[1] Given that the dismissal order exceeds 50 pages and thoroughly recounts the history
and conduct of the parties, the Court assumes familiarity with the background of the case and
reasons for dismissal.  (*See* ECF No. 475.)

Currently before the Court is Graziano's Motion for Sanctions ("Motion"), filed June 19, 2020.  (ECF No. 496.)  In the Motion, Graziano states that on April 14, 2020, she submitted her Bill of Costs form, and a hearing on costs was set for May 21, 2020 with the Clerk of Court.  (*Id.* at 2.)  According to Graziano, Wodiuk refused to cooperate with the telephonic hearing and challenged the Clerk's jurisdiction to hear Graziano's request for costs.  (*Id.*)  Due to Wodiuk's outbursts, which precluded both the Clerk and Graziano's counsel from speaking, the hearing could not proceed and was continued until July 15, 2020.  (*Id.*)

Graziano explains that the following day, on May 22, 2020, Wodiuk began contacting another law firm, where Sean Lane and Alex Pass (Graziano's counsel) are of-counsel, and threatened to report counsel to the IRS, the FBI, and numerous other federal agents.  (*Id.*)  In addition, Wodiuk continues to send non-sensical faxes to the firm, in which she threatens a variety of actions and threatens to report individuals to federal authorities, and continues to file non-sensical motions and filings in this matter, despite the dismissal order.  (*Id.*)

In the Motion and reply brief (ECF Nos. 496, 510), Graziano requests that the Court enter sanctions against Wodiuk for her failure to cooperate with the previously scheduled costs hearing and for Wodiuk's insistence on filing non-sensical and irrelevant notices and demands for relief after the final judgment was entered in this case.[2]  (ECF No. 496 at 3.)  Graziano states that Wodiuk's filings have inflated her attorneys' fees, as Graziano's counsel has an ongoing obligation to review and analyze Wodiuk's filings.  (*Id.*)  Thus, Graziano requests that the Court order Wodiuk to

---

[2] Graziano does not provide a legal basis for the request for sanctions or cite any authority in support of the Motion.

reimburse her for the attorneys' fees expended in counsel's attempt to conduct the Bill

of Costs hearing on May 21, 2020, and for the fees incurred analyzing Wodiuk's non-

sensical filings submitted after the dismissal of this action.

In response, Wodiuk submitted a filing entitled "Demand for Relief: To

Respondents Idiotic-Illogical-Unconstitutional Motion for Sanctions" ("Response") (ECF

No. 501), to which Graziano replied (ECF No. 510).  The Response brief is 13 pages of

single-spaced language,[3] most of which is non-sensical and contains allegations of

terrorism against Graziano's counsel (ECF No. 501 at 2); statements that the Court is

"delusional," and "serious [*sic*] deranged in levying war on the USA" (*id.* at 3);

statements that "no clerk of the court can run a federal court hearing for bill of cost [*sic*]"

and is therefore "by law acting in treason and terrorist threats in extortion and ransom

demands [*sic*]" (*id.* at 4); and accusations of being "abused by [the Clerk of Court] and

dominated-overpowered by verbal insults, verbal threats, verbal abuse and verbal

assaults [*sic*]" (*id.* at 4).  Wodiuk demands that the Bill of Costs hearing be conducted by

a "merited USA federal appointed judge."  (*Id.* at 5.)  The Response continues in a

similar manner, which the Court will not recount here.

Federal courts have certain "inherent powers" which are not conferred by rule or

statute "to manage their own affairs so as to achieve the orderly and expeditious

disposition of cases."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).  Among

these powers is a court's "ability to fashion an appropriate sanction for conduct which

abuses the judicial process."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991);

---

[3] Wodiuk's Response violates this Court's Local Rule prohibiting single-spaced filings and the undersigned's Revised Practice Standards.  *See* D.C.COLO.LCivR 10.1(e); WJM Revised Practice Standard III.F.7.  However, because the Court considers it a futile effort to direct an amended response brief, the Court will consider the Response as filed.

*see also Rice v. NBCUniversal Media, LLC*, 2019 WL 3000808, at *3–4 (S.D.N.Y. July 10, 2019) (imposing sanctions pursuant to court's inherent powers). One permissible sanction is an assessment of attorneys' fees, requiring the party that has engaged in misconduct to reimburse the legal fees and costs of the other party. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). Such a sanction "must be compensatory rather than punitive in nature." *Id.*

Pursuant to its inherent authority, the Court finds sanctions are warranted in this case.[4]  Despite the Court's order dismissing this case and awarding Graziano her costs, Wodiuk's actions have impeded the parties from proceeding with the Bill of Costs hearing. In addition, Wodiuk has continued to file non-sensical documents in the case, which has interfered with the efficient operation of this Court and caused Graziano to incur unnecessary attorneys' fees and costs. The Court finds that Wodiuk has abused the judicial process by engaging in vexatious conduct. An award of attorneys' fees and costs is appropriate to compensate Graziano.

In addition to the foregoing, Wodiuk's conduct in this case warrants the imposition of additional restrictions by the Court. "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam); *see also Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006)). Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by

---

[4] While typically the Court would issue an order to show cause why Wodiuk should not be ordered to pay Graziano's attorneys' fees and costs incurred in attempting to conduct the Bill of Costs hearing and in reviewing Wodiuk's frivolous filings, given Wodiuk's conduct throughout this case, the Court again finds such an order would be futile.

entering orders that are "necessary or appropriate in aid of [the Court's] jurisdiction." *Winslow v. Hunter*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam); *Tripati*, 878 F.2d at 352.  "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *Winslow*, 17 F.3d at 315.

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process.  *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits.  *Id.*  Injunctions restricting further filings are appropriate where: (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented.  *Tripati*, 878 F.2d at 353–54.

Although Wodiuk appears not to have filed an excessive number of cases in the District of Colorado, she has submitted a massive number of abusive, insulting, disruptive, and frivolous filings in this matter.  As the Court has explained, these filings have interfered with Court operations and have caused Graziano to incur unnecessary fees and costs.

Accordingly, the Court directs Wodiuk to show cause why she should not be enjoined from filing any further *pro se* documents in this case without first seeking leave

5

of Court.

For the reasons set forth above, the Court ORDERS as follows:

1.    By **February 16, 2021**, Wodiuk is DIRECTED TO SHOW CAUSE, in a filing not

to exceed five pages, why she should not be enjoined from filing any further *pro*

*se* documents in this case without first seeking leave of Court;

2.    Graziano's Motion for Sanctions (ECF No. 496) is GRANTED; and

3.    Graziano is DIRECTED to file supplemental documentation of her attorneys' fees

and costs expended in counsel's attempt to conduct the Bill of Costs hearing on

May 21, 2020, and for the fees incurred analyzing Wodiuk's post-judgment filings

no later than **March 1, 2021**.

Dated this 3rd day of February, 2021.

BY THE COURT:

William J. Martinez
United States District Judge